UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bryan Adams, | Case No.: 2:23-cv-01930-JAD-BNW |
|     Petitioner | |
| v. | **Order Granting Motion for Appointment of Counsel** |
| Jeremy Bean, et al., | [ECF No. 3] |
|     Respondents | |

*Pro se* Petitioner Bryan Adams filed this 28 U.S.C. § 2254 petition for writ of habeas corpus,[1] challenging his 2020 judgment of conviction after a guilty plea to attempted sexual assault of a minor under fourteen years of age.  Adams also moves for appointment of counsel.[2]  I find that the appointment of counsel is in the interests of justice, so **I provisionally appoint the Federal Public Defender to represent Adams in this case**.

### Discussion

Adams is currently serving a lengthy sentence of 8 to 20 years.  His petition raises relatively complex issues, including numerous claims of ineffective assistance of counsel and allegations that Adams did not knowingly enter into a guilty plea agreement.  Adams is also financially eligible for appointment of counsel.[3]  Although he has paid the filing fee, he lacks the funds to afford counsel.[4]

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] 18 U.S.C. § 3006A.
[4] ECF Nos. 3, 5.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion for Appointment of Counsel **[ECF No. 3] is GRANTED.**

2. **The Federal Public Defender is provisionally appointed as counsel and will have until February 10, 2024, to undertake direct representation of petitioner or to indicate the office's inability to represent him in these proceedings**. If the Federal Public Defender is unable to represent petitioner, the court will appoint alternate counsel. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance, likely 90 days from entry of the formal order of appointment.

3. Any deadline established or deadline extension will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. By setting a deadline to amend the petition or granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely.[5]

4. So that the respondents may be electronically served with any papers filed through counsel, **the Clerk of Court is directed to ADD** state attorney general Aaron D. Ford as counsel for respondents and make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. **Respondents' counsel must enter a notice of appearance within 21 days of entry of this order,** but no further response will be required from respondents until further order of the Court.

---

[5] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. **The Clerk of Court is further directed to SEND** a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division, and also to provide the Federal Public Defender with copies of all prior filings in this case by regenerating notices of electronic filing or through such other means as is expedient for the clerk.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 9, 2024